# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK F. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-372 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| KIP MOSTOWY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's Motion to Dismiss (Doc. 13) will be granted, and this case dismissed with prejudice.

The parties are well-acquainted with the facts and circumstances in this case, as well as the related prior-case, Civil Action No. 17-1081 (now dismissed). In that action, the Court entered an Order denying, in relevant part, Plaintiff's request for leave to amend:

> Plaintiff's Motion [for leave to amend] will be granted to the extent that Plaintiff . . . assert[s] age-discrimination (only) claim(s) under the PHRA. This amendment was anticipated from the outset of the litigation. . . . The same cannot be said, however, regarding the various unrelated claims identified in the proposed amended complaint[, including] . . . claims for FLSA-retaliation[ and] violations of the PWPCL . . . . Despite Plaintiff's knowledge of the factual-predicates for his proposed new claims, for over a year prior to his request to amend, his counsel made no reference to the claims in the Rule 26(f) Report . . . or at the Initial Scheduling Conference. Now, less than a month before the close of discovery, he proposes adding claims that would significantly increase the complexity of this case; that likely would require significant motions practice under Federal Rule 12(b); and that almost certainly would require a substantial extension of the discovery period. Plaintiff offers no explanation, let alone a good explanation, to excuse his delay or to counterbalance the prejudice to Defendant.

Text-Order dated Mar. 14, 2018.

One week later, Plaintiff initiated this lawsuit – naming the corporate-Defendant's CEO − and asserting the same claims he was denied leave to add by amendment.

In moving to dismiss this later-filed case, Defendant's counsel make a number of substantive arguments under the standards applicable under Rule 12(b)(6). The Court adopts, and incorporates by reference, Defendant's arguments and analyses for dismissal; but, only to the extent that they do <u>not</u> rely on facts and evidence found through discovery in the prior case (because the Court, here, cannot consider information beyond the Complaint).

The Court also questions whether Plaintiff has made sufficient allegations to support a *plausible* claim of liability against CEO-Mostowy; and/or whether Mr. Mostowy can be deemed a "joint employer," given that the corporate-Defendant in 17-1081 has <u>not</u> been named a party here. *See generally* <u>Andre v. Trinity Health Corp.</u>, 2019 WL 1198959, \*6 (D. N.J. Mar. 14, 2019) "[a]side from the corporate entity itself, a company's owners, officers, or supervisory personnel may also constitute '<u>joint employers</u>' for purposes of liability under the FLSA," and listing relevant factors, as annunciated in <u>Thompson v. Real Estate Mortg. Network</u>, 748 F.3d 142, 149 (3d Cir. 2014)) (emphasis added).

Plaintiff's decision not to name the company likely is related to the elephant in the room, namely, his filing this second lawsuit as an attempted end-run around the Court's denial of leave to amend in 17-1081. In the Court's view, Defendant's merits-based arguments for dismissal – and for sanctions – "bury the lede." The plain and obvious problem with this case is Plaintiff counsel's brazen attempt to circumvent the Court's denial of amendment in the prior case.

The law is clear: "[T]he court <u>must</u> insure that [a] plaintiff does not use the <u>incorrect</u> <u>procedure</u> of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of [pleadings]." <u>Fabics v. City of New Brunswick</u>, 629 Fed. Appx. 196, 198-

99 (3d Cir. Oct. 19, 2015) (citing and quoting binding, published authority; emphasis added) (affirming dismissal of second-filed action, as an improper "attempt to circumvent the [district c]ourt's orders regarding amendment"); *accord* <u>Live Face on Web, LLC v. Cremation Soc. of Illinois, Inc.</u>, 2019 WL 398938, *6 (E.D. Pa. Jan. 31, 2019) (the Court of Appeals for the Third Circuit "has often applied the doctrine [of improper claim-splitting] to bar a plaintiff from filing a new lawsuit after the court in an earlier action denied leave to amend the complaint to add those same claims") (internal quotations and citation to quoted-source omitted).

For this reason, alone, the instant case must be dismissed. This is a necessary result – in the Court's view – because a contrary-ruling would send an unacceptable message: if the Court denies a litigant leave to amend, worry-not, he or she simply can file a new lawsuit and assert the rejected-claims there. This scenario cannot be countenanced, and Defendant's Motion to Dismiss (**Doc. 13**) is **GRANTED**, consistent with the analyses above. Defendant's Motion for Sanctions (**Doc. 17**), which largely is based on substantive matters discovered through the prior litigation, is **DENIED**. Finally, it should go without saying that Plaintiff counsel's cross-request for sanctions is denied as meritless (if not borderline-absurd). A Rule 58 Judgment will issue.

IT IS SO ORDERED.

March 25, 2019

s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record